UNITED STATES ex rel. I. G. FARBENIN-
DUSTRIE AKTIENGESELLSCHAFT v.
BURNET, Commissioner of Internal Reve-
nue, et al.

No. 5888.

Court of Appeals of the District of Columbia.
Argued Feb. 16, 1933.
Decided April 10, 1933.

Conway P. Coe, of Washington, D. C.,
and G. F. von Kolnitz, Jr., of New York
City, for appellant.

Thomas E. Rhodes, Leo A. Rover, Harri-
son F. McConnell, Roy St. Lewis, Phillip M.
Marcum, all of Washington, D. C., for appel-
lees.

Before MARTIN, Chief Justice, and
ROBB, VAN ORSDEL, HITZ, and GRON-
ER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment of the
Supreme Court of the District of Columbia,
dismissing appellant's petition for a writ of
mandamus to compel the Commissioner of In-
ternal Revenue to compute and allow, and to
compel the Treasurer of the United States to
pay to the Alien Property Custodian, interest
on a tax refund which was made to the Alien
Property Custodian for appellant's account
in May 1929.

It appears that in 1918 the Alien Prop-
erty Custodian seized the capital stock of an
American corporation, held by three individ-
uals as trustees for a German corporation.
The petitioner is the successor in interest of
the German corporation. After the seizure
by the Alien Property Custodian, he sold the
stock for $5,296,332.00, which amount was de-
posited in the Treasury of the United States
in an identified trust account.

On March 15, 1924, internal revenue
taxes assessed against the three individual
trustees, from whom the stock was seized, in
the amount of $3,262,268.91, were paid by the
Alien Property Custodian out of moneys de-
posited in the trust account. The Custodian
filed a claim for refund of the taxes so paid,
which claim was allowed, and the full sum
was repaid to the Custodian on March 15,
1929, but no interest was paid thereon.

This suit is to compel the Commissioner
of Internal Revenue to compute the interest
on said taxes from 1924 to 1929, and to re-
quire the Treasurer of the United States to
pay the same to the Alien Property Custodi-
an. To the petition, setting forth in sub-
stance the above facts, the respondents an-
swered, admitting the facts, but challenging
the jurisdiction of the court on the ground
that mandamus is not a proper remedy, and
challenging the right of the petitioner to the
payment of interest on its claim. .Petitioner

demurred to the answer. The demurrer was overruled, and, petitioner electing to stand upon its demurrer, a judgment was entered dismissing the petition, from which this appeal was taken.

We think this case can be disposed of on the single question of the right of the petitioner to recover interest for the period during which the money paid, as a tax, was in the possession of the government. Petitioner contends that its case comes within the provisions of section 614 of the General Revenue Act of May 29, 1928, 45 Stats. 791, 876 (26 USCA § 2614 (a) (2), which provides as follows: "(a) Interest shall be allowed and paid upon any overpayment in respect of any internal-revenue tax, at the rate of 6 per centum per annum, as follows: * * * (2) In the case of a refund, from the date of the overpayment to a date preceding the date of the refund check by not more than 30 days, such date to be determined by the Commissioner."

Respondents rely upon the provisions of section 18 of the Settlement of War Claims Act of March 10, 1928, 45 Stat. 254, 276 (50 USCA .Appendix, § 24 (e), which reads as follows: "(e) In case of any internal-revenue tax imposed in respect of property conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian, or seized by him, and imposed in respect of any period (in the taxable year 1917 or any succeeding taxable year) during which such property was held by him or by the Treasurer of the United States, no interest or civil penalty shall be assessed upon, collected from, or paid by or on behalf of, the taxpayer; nor shall any interest be credited or paid to the taxpayer in respect of any credit or refund allowed or made in respect of such tax."

■■ It is contended by the petitioner that the later General Revenue Act of May 29, 1928, operates to repeal by implication the provisions of section 18, supra. This contention, we think, is untenable on several grounds. The Settlement of War Claims Act was in the nature of special legislation, relating to alien property seized and in the hands of the Alien Property Custodian, and providing for the disposition thereof, while the General Revenue Act of 1928 was general legislation, relating to the collection of income taxes by the national government. It is elementary that a special statute relating to a particular subject, in the absence of manifest inconsistency, will not be repealed by the mere enactment of a later general statute, relating to the same subject, unless the later act specifically provides for the repeal of the earlier act, or for a general repeal of all acts relating to the subject.

■ The acts here in question were passed at the same session of Congress, and but a short time intervened between. the passage of the Settlement of War Claims Act and the General Revenue Act. In Lewis' Southerland on Statutory Construction (2d Ed.) vol. 1, § 268, the author under the head of acts passed at the same session says: "The presumption is stronger against implied repeals where provisions supposed to conflict are in the same act or were passed at nearly the same time. In the first case it would manifestly be an inadvertence, for it is not supposable that the legislature would deliberately pass an act with conflicting intentions; in the other case the presumption rests on the improbability of a change of intention, or, if such change had occurred, that the legislature would express it in a different act without an express repeal of the first."

■ And, in reference to the construction to be placed upon such statutes, passed at the same session of the Legislature, the same author continues: "Statutes enacted at the same session of the legislature should receive a construction, if possible, which will give effect to each. They are within the reason of the rule governing the construction of statutes in pari materia. Each is supposed to speak the mind of the same legislature, and the words used in each should be qualified and restricted, if necessary, in their construction and .effect, so as to give validity and effect to every other act passed at the same session."

Applying the above rule to the acts here in question, we find no difficulty in disposing of petitioner's contention. The Settlement of War Claims Act was dealing with property over which Congress had absolute and complete control. The alien petitioner had no legal or constitutional claim to recover any part of the seized property, except through the generosity of Congress. Congress, therefore, in dealing with the subject of interest on taxes to be refunded on such property, was legislating alone in respect of that class of property and of that class of ownership.

On the other hand, under the General Revenue Act, Congress was dealing with a matter of taxation upon the property of the citizen, whose constitutional and property rights were involved, and upon which the taxing power could only be exercised under strict rules of general equality. The subject-matter

of the two acts was radically different; the class of property involved in the two acts was radically different; hence there is no legal basis upon which the provisions of the revenue act can be held to repeal by implication the interest provisions of the earlier Settlement of War Claims Act.

Though it be conceded that the two acts treat generally of the same subject, it by no means follows that the later act may be regarded as repealing by implication the earlier act. Such an implication arises only where there is an inconsistency between the two acts which cannot be reconciled. No such inconsistency here exists. In Rodgers v. United States, 185 U. S. 83, 87, 22 S. Ct. 582, 583, 46 L. Ed. 816, the court said: "It is a canon of statutory construction that a later statute, general in its terms and not expressly repealing a prior special statute, will ordinarily not affect the special provisions of such earlier statute. In other words, where there are two statutes, the earlier special and the later general,—the terms of the general broad enough to include the matter provided for in the special,—the fact that the one is special and the other is general creates a presumption that the special is to be considered as remaining an exception to the general, and the general will not be understood as repealing the special, unless a repeal is expressly named, or unless the provisions of the general are manifestly inconsistent with those of the special."

It is unnecessary, however, to apply this strict rule of construction to the present case. Section 24 (e), Act Oct. 6, 1917, as added by section 18 of Act March 10, 1928 (50 USCA Appendix, § 24 (e) placed a limitation upon the payment of interest on taxes refunded under the Settlement of War Claims Act, which related to the special subject of the settlement of "claims of American nationals against Germany, Austria, and Hungary, and of nationals of Germany, Austria, and Hungary, against the United States, and for the ultimate return of all property held by the Alien Property Custodian." The Settlement of War Claims Act embraced all of these subjects, and was in the nature of a final disposition thereof. Congress was here treating with a separate and individual matter unrelated to the Revenue Act of 1928, which contained no reference to the prior act or sought to repeal any of the provisions contained therein.

With this disposition of the case, it is unnecessary to consider the question of jurisdiction.

The judgment is affirmed.